# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Decided February 3, 2006

No. 04-3138

IN RE: GRAND JURY SUBPOENA, JUDITH MILLER

Consolidated with
04-3139, 04-3140

Appeals from the United States District Court
for the District of Columbia
(No. 04mc00407)
(No. 04mc00460)
(No. 04mc00461)

On *Amicus Curiae* Dow Jones & Co., Inc's Motion to Unseal

*Theodore J. Boutrous, Jr.* and *Thomas H. Dupree, Jr.* were on the motion to unseal and the reply to the government's response.

*Peter R. Zeidenberg* and *James P. Fleissner*, Deputy Special Counsels, U.S. Department of Justice, were on the responses to the motion to unseal.

Before: SENTELLE, HENDERSON, and TATEL, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: Guided by Special Counsel Patrick J. Fitzgerald, a federal grand jury investigating the public exposure of a covert CIA agent's identity subpoenaed two reporters, Judith Miller of the *New York Times* and Matthew Cooper of *Time* magazine, to give evidence relating to their confidential sources. After being held in civil contempt for refusing to comply with the subpoenas, the reporters appealed to this court. Affirming, we held that neither the First Amendment nor any applicable common-law privilege excused the reporters from their obligation as citizens to give the grand jury evidence relating to possible criminal activity. *In re Grand Jury Subpoena, Judith Miller*, 397 F.3d 964, 968-73 (D.C. Cir. 2005).

As we explained in our per curiam opinion, however, "the Court is not of one mind on the existence of a common law privilege." *Id*. at 973. Specifically:

> Judge Sentelle would hold that there is no such common law privilege for reasons set forth in a separate opinion. Judge Tatel would hold that there is such a common law privilege. Judge Henderson believes that we need not, and therefore should not, reach that question.

*Id*. Nevertheless, we agreed that, "for the reasons set forth in the separate opinion of Judge Tatel, . . . if such a privilege applies here, it has been overcome." *Id*.

Relying on ex parte submissions from the special counsel, Judge Tatel's opinion explained that the reporters' testimony was critical to the investigation, that the grand jury had exhausted alternative non-reporter sources, and that the public interest favored compelling disclosure. *Id*. at 1001-03. Eight pages of Judge Tatel's opinion were redacted to preserve grand

jury secrecy and to protect classified information. *See id*. at 1002.

Now that the grand jury has returned an indictment against I. Lewis Libby for perjury, obstruction of justice, and making false statements to federal investigators, amicus curiae Dow Jones & Company moves to unseal the eight pages—or, failing that, portions thereof relating to matters that are now public. *See* D.C. Cir. R. 47.1(c). Although objecting to unsealing the opinion in its entirety, the special counsel informs us that nothing in the concurring opinion remains classified and agrees that portions of the redacted opinion may be made public without jeopardizing grand jury secrecy. We also asked the special counsel to tell us whether portions of the two affidavits he initially submitted to this court explaining the need for the reporters' cooperation may also be released to the public. In response, he filed an affidavit expressing his view that, consistent with the need for grand jury secrecy, portions of one of the two affidavits may be unsealed.

Reflecting our criminal justice system's longstanding commitment to grand jury secrecy, *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218 n.9 (1979) ("Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye."), Rule 6(e) of the Federal Rules of Criminal Procedure prohibits the disclosure of "matter[s] occurring before the grand jury," Fed. R. Crim. P. 6(e)(2), and requires that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury," *id*. R. 6(e)(6). The Supreme Court has advanced several practical justifications for grand jury secrecy:

> First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*Douglas Oil*, 441 U.S. at 219. Consistent with these purposes, we have recognized that grand jury secrecy covers "the identities of witnesses or jurors, the substance of testimony as well as actual transcripts, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *In re Dow Jones & Co., Inc.*, 142 F.3d 496, 500 (D.C. Cir. 1998) (internal quotation marks omitted).

Grand jury secrecy is not unyielding, however. Judicial materials describing grand jury information must remain secret only "*to the extent and as long as necessary* to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6) (emphasis added); *cf. Dow Jones*, 142 F.3d at 502 (explaining that identical language in Rule 6(e)(5) requires courts to open judicial hearings ancillary to grand jury affairs to the public whenever consistent with grand jury secrecy). Our case law, moreover, reflects the common-sense proposition that secrecy is no longer "necessary" when the contents of grand jury matters have become public. For example, in the wake of Iran-Contra we ordered the release of the independent counsel's report detailing the outcome of his

investigation, notwithstanding the fact that the report was primarily based on grand jury testimony. *In re North*, 16 F.3d 1234 (D.C. Cir. 1994). We reasoned that "[t]here must come a time . . . when information is sufficiently widely known that it has lost its character as Rule 6(e) material. The purpose in Rule 6(e) is to preserve secrecy. Information widely known is not secret." *Id*. at 1245. During the grand jury's investigation into the Monica Lewinsky matter, we similarly held that staffers at the Office of the Independent Counsel could not have violated Rule 6(e) when they told the *New York Times* they believed then-President Clinton should be indicted for perjury and obstruction of justice. *In re Sealed Case*, 192 F.3d 995, 1001-05 (D.C. Cir. 1999). Although we recognized that revealing a witness's identity and naming the target of a grand jury's investigation would ordinarily constitute Rule 6(e) violations, *id*. at 1004, we found that the staffers "did not reveal any secret, for it was already common knowledge" both that President Clinton had testified and that the grand jury was investigating possible perjury and obstruction charges against him, *id*. at 1004-05.

For similar reasons, we are satisfied here that there is no longer any need to keep significant portions of the eight pages under seal. Libby's indictment, now part of the public record, reveals some grand jury matters, and we see little purpose in protecting the secrecy of grand jury proceedings that are no longer secret. Because discrete portions of the eight pages can be redacted without doing violence to their meaning, today we unseal those portions containing grand jury matters that the special counsel confirmed in the indictment or that have been widely reported. (The formerly redacted materials appear in italics on pages 30-39.) On our own initiative, moreover, we also unseal parts of one of the special counsel's affidavits upon which we relied in concluding that Miller's evidence was critical to the grand jury investigation. If the public is to see our reasoning, it should also see what informed that reasoning.

But just as some parts of the record may now be made public, others must remain secret. After reviewing the special counsel's submissions, we agree that some information in the eight pages and in the special counsel's affidavits unquestionably remains grand jury material that Rule 6(e) obligates us to maintain under seal. Its publication at this juncture could identify witnesses, reveal the substance of their testimony, and—worse still—damage the reputations of individuals who may never be charged with crimes. That the special counsel's investigation is ongoing only heightens the need for maintaining grand jury secrecy, for the special counsel is entitled to conduct his investigation out of the public eye and with the full cooperation of witnesses who have no fear their role in the investigation will lightly be disclosed.

It is therefore **ORDERED** and **ADJUDGED** that, pursuant to Circuit Rule 47.1(c), Dow Jones's motion is granted in part and denied in part, and that the redacted opinion and ex parte affidavit shall be placed in the public docket. This order is without prejudice to Dow Jones's right to move to unseal additional materials at a later date.

*So ordered.*